```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF GEORGIA
             ATLANTA DIVISION
```

| | | | |
|---|---|---|---|
| BENITO SARABIA, | : | MOTION TO VACATE | |
| BOP No. 64868-079, | : | 28 U.S.C. § 2255 | |
|     Movant, | : | | |
| | : | CIVIL ACTION NO. | |
|     v. | : | 1:10-CV-2239-TWT-ECS | |
| | : | | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. | |
|     Respondent. | : | 1:09-CR-207-TWT-ECS | |

### **FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Benito Sarabia's motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. No. 98]. Mr. Sarabia contends that he is entitled to relief under § 2255 because of alleged flaws in the indictment, ineffective assistance of counsel, and omissions from the colloquy during his Rule 11 hearing. [Id. passim]. Because each of Mr. Sarabia's claims is affirmatively contradicted by the record, the undersigned recommends that Mr. Sarabia's motion be denied and that no certificate of appealability be issued.

Mr. Sarabia's first two grounds for relief rest on his claim that the indictment did not "include an element of intent" and "as such [did] not properly allege an offense against the United States." [Id. at 6, 8]; see also [id. at 11 ("Petitioner's indictment in this case must be overturned because his indictment lacks a necessary allegation of criminal intent and as such does not properly allege an offense against the United States.")]. Even

assuming that these grounds – which were not raised at trial or on direct appeal – are not procedurally defaulted, they are directly contradicted by the record. Count One of the indictment, to which Mr. Sarabia pled guilty, explicitly alleges intent in each of its three numbered paragraphs. See [Doc. No. 1 at 1-2]. Accordingly, Mr. Sarabia is entitled to relief on neither ground one nor ground two of his § 2255 motion.

To the extent that Mr. Sarabia complains in his third ground for relief that his attorney rendered ineffective assistance of counsel because he "failed to make pre-trial objections to the sufficiency of the indictment" [Doc. No. 98 at 13], Mr. Sarabia is not entitled to relief on this basis, either. As discussed above, the indictment was sufficient, and therefore the sufficiency of the indictment was not a meritorious issue. "'[T]he failure to raise non-meritorious issues does not constitute ineffective assistance.'" Lahens v. United States, 394 F. App'x 646, 647 (11th Cir. 2010) (quoting Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994)).

To the extent that Mr. Sarabia complains in his third ground for relief that his attorney "failed to challenge any evidence or make any pre-trial motions that would have proved Petitioner was not involved in any drug violation or any other crimes" [Doc. No. 98 at 12 (emphasis in original)], that claim, too, is affirmatively

2

contradicted by the record. Mr. Sarabia's attorney filed and zealously litigated a motion to suppress evidence and a sentence-enhancement-related motion. See [Doc. Nos. 24, 31, 32, 33, 35, 40, 41, 42, 43, 44, 45, 47, 48, 49, 52, 54, 62].

Finally, Mr. Sarabia claims in his fourth ground for relief that the Court did not "specifically question the defendant concerning the waiver provision of the plea agreement during the Rule [11] colloquy" or ensure that he was "fully apprised of the *consequences* of entering into a *negotiated* plea." [Doc. No. 98 at 14-15 (emphasis in original)]. That claim is also affirmatively contradicted by the record. The Court specifically reviewed with Mr. Sarabia the many rights he was waiving by pleading guilty. See [Doc. No. 99 at 5-7, 10-11]. In particular, when Mr. Sarabia asked a question regarding the appeal waiver, after the Government had described the provision in detail, the Court explicitly confirmed that Mr. Sarabia "agree[d] with [that] description of the plea agreement." [Id. at 12]; see also [id. at 19]. Furthermore, the mandatory twenty-year minimum sentence that Mr. Sarabia faced – and to which he was ultimately sentenced – was identified and discussed twice before Mr. Sarabia's plea was accepted. [Id. at 8, 17]. As the Court noted, Mr. Sarabia's plea was "voluntarily made with full knowledge of the charges against him and the consequences of his plea of guilty." [Id. at 23].

3

In summary, Mr. Sarabia is not entitled to relief on the basis of any of the claims in his grounds one through four, each of which is contradicted by the record. Therefore, the undersigned **RECOMMENDS** that Mr. Sarabia's § 2255 motion be **DENIED**.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Mr. Sarabia has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. The undersigned **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

AO 72A
(Rev.8/82)

Because this Final Report and Recommendation apprises Mr. Sarabia of the current status of his § 2255 motion, his Motion to Ascertain Status of Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 121] is **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 24th day of July, 2012.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BENITO SARABIA, | : | MOTION TO VACATE |
| BOP No. 64868-079, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-2239-TWT-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:09-CR-207-TWT-ECS |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the

District Court and any appellate review of factual findings will be limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 24th day of July, 2012.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)